IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JUAN MANUEL REYES, | Case No. 2:21-cv-01175-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| SUSAN WASHBURN, Superintendent of EOCI *et al*., | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Juan Manuel Reyes ("Reyes"), an adult in custody ("AIC") of the Oregon

Department of Corrections ("ODOC") at the Eastern Oregon Correctional Institution ("EOCI"),

filed this action against several ODOC officials: Susan Washburn ("Washburn"), L. Legore

("Legore"), Andrea Neistadt ("Neistadt"), C. Bolles ("Bolles"), J. Walker ("Walker"), T. Stewart

("Stewart"), P. Villers ("Villers"), and M. Johnson ("Johnson") (together, "Defendants"),

alleging constitutional claims under 42 U.S.C. § 1983 ("Section 1983") and various violations of

state and federal law. Previously, the Court granted in part and denied in part Defendants'

motion to dismiss Reyes' second amended complaint ("SAC"). *See Reyes v. Washburn*, No.

2:21-cv-01175-SB, 2023 WL 9470076 (D. Or. Oct. 31, 2023), *findings and recommendation*

PAGE 1 – FINDINGS AND RECOMMENDATION

*adopted*, 2024 WL 343481 (D. Or. Jan 30, 2024). While the Court's findings and recommendation was under advisement with the district judge, Reyes filed a motion for leave to file a third amended complaint (ECF No. 71). While Reyes' motion for leave to file a third amended complaint was under advisement, he filed a motion for leave to file a fourth amended complaint. (ECF No. 80 ("Reyes' Mot.").) Accordingly, the Court denied as moot Reyes' motion for leave to file a third amended complaint. (ECF No. 81.) Now before the Court is Reyes' most recent motion, which includes a copy of his proposed fourth amended complaint ("FAC").

The Court has jurisdiction over Reyes' claims pursuant to 28 U.S.C. §§ 1331 and 1367, but not all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons discussed below, the Court recommends that the district judge grant in part and deny in part Reyes' motion for leave to file a fourth amended complaint.

## BACKGROUND

As discussed in the Court's previous findings and recommendation, Reyes alleged in his SAC constitutional violations under the First, Sixth, Eighth, and Fourteenth Amendments as well as other violations of federal and state law. *See Reyes*, 2023 WL 9470076, at *1 (describing Reyes' SAC claims). Reyes now moves the Court for leave to file his FAC, which largely alleges the same claims against the same defendants with slight modifications and adds at least seven additional claims and nine new defendants. (*See generally* Reyes' Mot.) Defendants oppose Reyes' motion only "to the extent that his proposed [FAC] contains claims previously recognized by this Court as not cognizable."[1] (Defs.' Resp. Opp'n Mot. Am. ("Defs.' Resp.") at 15, ECF No. 82.)

---

[1] Defendants also state that they "reserve the right to move to dismiss any future complaint for failure to state a claim or any other appropriate grounds outlined in Rule 12." (Defs.' Resp. at 5 n.3.)

## LEGAL STANDARDS

Under Rule 15(a)(2), after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "A court should 'freely give leave [to amend] when justice so requires.'" *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (quoting FED. R. CIV. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (simplified).

"In determining whether to grant leave to amend, the district court considers the presence of any of the following four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility." *Tadros v. Wilmington Tr., Nat'l Ass'n as Tr. to Citibank, N.A.*, No. 3:17-cv-01623-AA, 2018 WL 5298144, at *2 (D. Or. Oct. 25, 2018) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that courts should weigh the relevant factors "with all inferences in favor of granting the motion") (citation omitted).

"Futility of amendment, however, 'can, by itself, justify the denial of a motion for leave to amend.'" *Tadros*, 2018 WL 5298144, at *2 (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). "A proposed amendment is futile if it would not withstand a motion to dismiss." *Id.* (citation omitted).

## DISCUSSION

Defendants oppose Reyes' motion for leave to file his FAC on futility grounds, arguing that Reyes (1) attempts to revive claims that the Court dismissed with prejudice, and (2) fails to correct the noted pleading deficiencies with respect to claims the Court dismissed with leave to amend. (Defs.' Resp. at 4.)

///

## I.    DISMISSAL WITH PREJUDICE

Defendants argue that Reyes' FAC includes claims that the Court previously dismissed without leave to amend, including: (1) claims under Section 1983 seeking $35 million in damages against all defendants in their official capacities, and (2) First and Fourteenth Amendment claims against Defendants Bolles, Legore, Neistadt, and Washburn relating to Reyes' termination as a legal assistant in the law library. (*Id.* at 5.)

### A.    Defendants in their Official Capacities

Reyes' FAC, like his SAC, includes claims under Section 1983 for alleged constitutional violations seeking damages against all individual defendants "in their individual person and official capacity." (*Compare* SAC at 13-14, *with* FAC at 35.) Defendants argue that the Court should deny Reyes' motion with respect to any damages claims against individual defendants in their official capacities because those claims are barred by the Eleventh Amendment. (Defs.' Resp. at 8-9.)

The Court agrees that the Eleventh Amendment bars Reyes' claims for damages against individual defendants in their official capacities. *See Reyes*, 2023 WL 9470076, at *2 n.3 ("The Court agrees that 'damages claims against the individual defendants in their official capacities are barred by the Eleventh Amendment'" and "therefore recommends that the district judge dismiss with prejudice Reyes' claims for money damages against the Defendants in their official capacities." (quoting *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014))).

To be clear, the Eleventh Amendment bars only Reyes' claims for damages against individual defendants in their official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.") (simplified); *see also*

PAGE 4 – FINDINGS AND RECOMMENDATION

*Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) ("[T]he Eleventh Amendment does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief.") (citations omitted). The Supreme Court "has expressly held that damage actions brought under section 1983 'seeking to impose individual and personal liability on' state officials 'are not barred by the Eleventh Amendment.'" *Hung v. Washington*, No. 6:05-cv-06180-HO, 2006 WL 44194, at *2 (D. Or. Jan. 9, 2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 238 (1974)).

Accordingly, the district judge should deny as futile Reyes' motion to the extent he seeks to include a claim for damages against Defendants in their official capacities.

### B.    Claim Preclusion

Reyes asserts that Bolles, Legore, Neistadt, and Washburn violated his First and Fourteenth Amendment rights by depriving him of a meaningful investigation and grievance process when he was wrongfully accused, found guilty, and punished for violating non-existent administrative rules. (FAC at 12-13.) Reyes appears to have modified his previously dismissed wrongful termination claim by removing references to his termination as a legal assistant and focusing his allegations on being disciplined without an opportunity to challenge the accusations against him. (*Compare* SAC at 10-11, *with* FAC at 12-13.) Defendants argue that the Court should deny Reyes' motion with respect to these claims because they are barred by claim preclusion. (Defs.' Resp. at 9-10.) The Court agrees.

The Court recognized in its adopted findings and recommendation that claim preclusion bars Reyes' claims relating to his termination and accompanying disciplinary proceedings because they arise out of the same "transactional nucleus of facts" as his previously dismissed case. *See Reyes*, 2023 WL 9470076, at *3-5. Despite Reyes adjusting his allegations to focus on the disciplinary proceedings following his termination instead of the termination itself, he could

have raised the claim in his previous suit because it arises out of the same transactional nucleus of facts. *See Reyes*, 2023 WL 9470076, at *5 ("[T]he doctrine of claim preclusion bars all claims that Reyes could have raised arising from his termination and the accompanying disciplinary hearing . . . ."). As a result, the Court recommends that the district judge deny as futile Reyes' motion to amend his First and Fourteenth Amendment claims against Defendants Bolles, Legore, Neistadt, and Washburn because they are barred by claim preclusion. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (noting that claim preclusion bars both claims that were actually raised and also claims that could have been raised in the prior action).

## II.    PLEADING DEFICIENCIES

Defendants further oppose Reyes' motion on the ground that Reyes fails to cure the deficiencies that the Court previously identified for the claims it dismissed without prejudice. (Defs.' Resp. at 10-14.) Specifically, Defendants argue that the Court should deny Reyes' request to amend because his proposed amendments to the following claims are futile: (1) Reyes' First Amendment claim stemming from library closures during the COVID-19 pandemic, (2) Reyes' Eighth Amendment claim for lack of outdoor exercise, and (3) all claims stemming from Reyes' alleged disability.[2] (*Id.*)

### A.    First Amendment Claim

Reyes alleges in his FAC that Washburn and Legore violated his First Amendment right to access the courts by closing the law library for ten months in 2020. (FAC at 9-10.) The Court

---

[2] Reyes includes in his Eighth Amendment claim allegations that the prison officials' failure to provide meaningful exercise opportunities violated the Fourteenth Amendment. (*See* FAC at 10.) As the Court discussed in its previous findings and recommendation, this claim is properly analyzed under the Eighth Amendment because Reyes is not a pretrial detainee. *See Reyes*, 2023 WL 9470076, at *8 n.9 (citing *Norbert v. City & Cnty. of S.F.*, 10 F.4th 918, 927-28 (9th Cir. 2021)).

recommended dismissing without prejudice Reyes' First Amendment claim based on access to the courts because Reyes failed to plead in his SAC an actual injury resulting from the law library's closure. *See Reyes*, 2023 WL 9470076, at \*5-6.

In the FAC, Reyes includes additional allegations that the library's closure was unreasonable, illogical, and deprived him "of any opportunity to research, read caselaw, and prepare legal documents that could have been a non-frivolous petition for the courts." (FAC at 10.) Defendants argue that Reyes' proposed amendment is futile because he still has not pled any facts establishing an actual injury. (Defs.' Resp. at 11-12.) The Court agrees.

"The doctrine of standing requires an [AIC] to allege an 'actual injury' due to interference with the [AIC]'s right to access the courts." *Canales-Robles v. Peters*, 270 F. Supp. 3d 1230, 1236 (D. Or. 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996)). "The 'actual injury' requirement means an [AIC] suing for denial of access to courts must allege that 'a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis*, 518 U.S. at 353).

Reyes alleges that the library's closure interfered with legal work that "could have been a non-frivolous petition for the courts." (FAC at 10.) Reyes' allegations fail to satisfy the "actual injury" requirement because, although the library's closure "could have" interfered with a non-frivolous claim, Reyes does not allege that the closure actually frustrated any particular claim. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-15 (2002))); *Standley v. Montana*, No. 22-35824, 2024 WL 1253797, at \*2 (9th Cir. Mar. 25, 2024) (affirming dismissal of an AIC's access to courts claim because the AIC

"d[id] not explain what successful claims he could have brought or how additional access to legal resources would have enabled him to bring an arguably meritorious challenge" (citing *Nasby v. Nevada*, 79 F.4th 1052, 1056 (9th Cir. 2023))). Accordingly, the district judge should deny as futile Reyes' motion to amend his First Amendment access to courts claim.

### B.    Eighth Amendment Claim

Reyes alleges that David Pedro (EOCI interim superintendent) ("Pedro"), Walker, and Stewart violated his Eighth Amendment right against cruel and unusual punishment by prohibiting all physical exercise for one year at the onset of the COVID-19 pandemic. (FAC at 10-11.) The Court recommended dismissing without prejudice Reyes' Eighth Amendment claim based on the outdoor exercise prohibition because, *inter alia*, Reyes did not allege "whether Defendants offered opportunities for indoor exercise and whether any such opportunity provided *meaningful* recreation." *Reyes*, 2023 WL 9470076, at *9.

In his FAC, Reyes includes additional allegations that Defendants "prohibited all outdoor activities, sports, exercise and work out of their unit." (FAC at 10.) Reyes further alleges that Defendants deprived him and "all other AICs from any physical exercise, walking, running, sports or any other outdoor and out of unit activities for the health and wellbeing of all AICs." (*Id.* at 11.) Defendants argue that Reyes' proposed amendment is futile because Reyes fails to allege that he was deprived of meaningful recreation. (Defs.' Resp. at 12-13.) The Court disagrees.

To establish a claim for relief under the Eighth Amendment based on conditions of confinement, Reyes must meet two requirements. "First, the deprivation alleged must be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (simplified). Second, "a prison official must have a sufficiently culpable state of mind," which, for conditions of confinement claims, "is one of deliberate indifference . . . ." *Id.* (simplified). "Deliberate

PAGE 8 – FINDINGS AND RECOMMENDATION

indifference" is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837.

Reyes can satisfy the objective prong by demonstrating a "denial of the minimal civilized measure of life's necessities . . . ." *Id.* at 834 (simplified). In other words, deprivation of a "single, identifiable human need such as food, warmth, or exercise . . . ." is a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Norbert*, 10 F.4th at 929 ("[E]xercise is one of the basic human necessities protected by the Eighth Amendment.") (simplified).

Reyes alleges in his FAC that he was deprived of "any physical exercise, walking, running, sports or any other outdoor and out of unit activities . . . ." (FAC at 11.) Reyes further alleges that he suffered "physical, emotional, mental and psychological affects" from being "depriv[ed] of access or opportunity of physical exercise . . . ." (*Id.*) Construing Reyes' FAC liberally and given that Defendants do not argue that Reyes has failed plausibly to allege deliberate indifference, the Court concludes that Reyes' proposed amendment to his Eighth Amendment claim is not futile. *See Norbert*, 10 F.4th at 932 ("[P]recedents from other circuits are consistent with our observation that 'the Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to [AICs].'" (quoting *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018))); *cf. Reyes*, 2023 WL 9470076, at *9 (finding that Reyes' pleadings were insufficient to state an Eighth Amendment claim because "Reyes has not pled that he was denied all exercise between January 2020 and December 2020"). Accordingly,

PAGE 9 – FINDINGS AND RECOMMENDATION

the Court recommends that the district judge grant Reyes' motion to amend his Eighth
Amendment claim.

### C.    Federal and State Disability Discrimination Claims

Reyes alleges in the FAC that Defendants have violated numerous federal and state laws
by discriminating against him based on his disability. (FAC at 2-4, 6-8, 13, 40-41.) The Court
recommended dismissing without prejudice Reyes' disability discrimination claims because,
*inter alia*, he failed sufficiently to plead in his SAC "facts for the Court to evaluate whether his
condition(s) satisfy the statutory definition of 'disability.'" *Reyes*, 2023 WL 9470076, at *11-12.

In his FAC, Reyes includes additional allegations that he suffers from "medical issues
that have been and still are being treated for the major side effects of contracting COVID-19,
twice, and the administered vaccines and boosters." (FAC at 3.) Reyes also includes allegations
about his ongoing medical issues that he alleges are associated with "Long COVID." (FAC at
11-12, 40.) Defendants argue that Reyes' proposed amendment is futile because Reyes fails to
specify whether he suffers from a qualifying disability. (Defs.' Resp. at 13-14.)

Each of Reyes' disability discrimination claims requires allegations of discrimination
because of a qualifying disability, and therefore he must allege facts sufficient for the Court to
evaluate whether, accepting the pleadings as true, Reyes has a qualifying disability. *See G.G. by
& through A.G. v. Meneses*, 638 F. Supp. 3d 1231, 1245 (W.D. Wash. 2022) (analyzing the
plaintiffs' disability allegations).

Construing Reyes' FAC liberally, and given that Defendants argue only that Reyes'
discrimination claims fail because he does not allege a qualifying disability, the Court concludes
that Reyes' proposed amendment is not futile. *See Brown v. Roanoke Rehab. & Healthcare Ctr.*,
586 F. Supp. 3d 1171, 1176-77 (M.D. Ala. 2022) (finding that the plaintiff's allegations that "she
was COVID-19 positive, that she suffered from severe weakness, fatigue, brain fog, high blood

pressure, cough, difficulty breathing, fever, and swollen eyes . . ." were sufficient to establish a disability for her Americans with Disabilities Act ("ADA") claim, in part because Equal Employment Opportunity Commission guidance stated that more severe, long-term COVID-19 symptoms can be considered a disability); *cf. Baum v. Dunmire Prop. Mgmt., Inc.*, No. 21-cv-00964-CMA-NYW, 2022 WL 889097, at *5 (D. Colo. Mar. 25, 2022) (finding that the decedent's fifteen-day COVID-19 illness did not qualify as a disability under the ADA because "the common theme in th[e] regulatory guidance is that COVID-19 may be a disability when it is long-term—lasting for months—not when it is acute") (citations omitted).

Accordingly, the district judge should grant Reyes' motion to amend his complaint relating to his disability discrimination claims under the ADA and the Rehabilitation Act.

## III.    NEW CLAIMS AND DEFENDANTS

As discussed above, Reyes' FAC includes additional claims and defendants that he did not include in his SAC. The additional defendants include Pedro (EOCI interim superintendent), Y. Rangel (EOCI assistant law library coordinator), Amy Wray (EOCI Law Library Supervisor), Crystal L. Cortaza (EOCI Hearings Officer), Heather D. Nevil (EOCI Hearings Officer), J. Oblisk (EOCI Corrections Officer), Melissa Harvey (Oregon Department of Administrative Services ("ODAS") Insp III/SIU), M. Leddy (ODAS Lead Inspector), and the Director of ODOC. (FAC at 5-6.) Reyes' additional claims include what he titles in the FAC as Claim I (*id.* at 9), additional allegations implicating Pedro in Claim III (*id.* at 10-11), and at least Claims VII through XII (*id.* at 14-33).[3]

///

---

[3] Reyes also appears to include additional allegations in his FAC relating to a potential Section 1985 conspiracy claim. (FAC at 6.)

Defendants do not challenge the newly added parties or claims, except for a brief reference to Pedro in a footnote. (*See* Defs.' Resp. at 2 n.1 ("Reyes' motion captions this case as *Juan Manuel Reyes v. David Pedro, et al.* . . . David Pedro is not a defendant in this matter.")). With respect to Defendants Cortaza and the unnamed Director of ODOC, the Court recommends that the district judge dismiss those defendants because Reyes does not include any factual allegations specific to those two defendants in his FAC. *See Reyes*, 2023 WL 9470076, at *2 n.3 (dismissing two individual defendants because Reyes did not include in his SAC any information about how they "were involved in the events described in his complaint"). Otherwise, the Court will allow the new defendants and claims to proceed and understands that Defendants have reserved their right to file a motion to dismiss Reyes' FAC.[4]

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT IN PART and DENY IN PART Reyes' motion for leave to file a fourth amended complaint (ECF No. 80). Specifically, the district judge should DENY Reyes' motion for leave to include the following claims in his fourth amended complaint:

- Reyes' plea for damages arising from his Section 1983 claims against Defendants in their official capacities;

- Reyes' First Amendment claim based on disciplinary proceedings and sanctions following his termination as a legal assistant;

---

[4] In an effort to proceed efficiently, the Court notes that Reyes' FAC allegations titled "Claim VI" are largely identical to his SAC allegations which the Court found sufficient to support a First Amendment retaliation claim and a Fourteenth Amendment due process claim at the pleading stage. (*Compare* SAC at 11-12, *with* FAC at 13; *see Reyes*, 2023 WL 9470076, at *6-8, *10.)

PAGE 12 – FINDINGS AND RECOMMENDATION

- Reyes' First Amendment access to courts claim based on the law library closure; and

- Reyes' claims against individual defendants Cortaza and the unnamed Director of ODOC.

For all other claims, the district judge should GRANT Reyes' motion for leave to amend.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 15th day of November, 2024.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 13 – FINDINGS AND RECOMMENDATION