IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN MANUEL REYES,                                        Case No. 2:21-cv-01175-SB

                          Plaintiff,                      **OPINION AND ORDER**

            v.

SUSAN WASHBURN *et al*.,

                          Defendants.

_____

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Juan Manuel Reyes ("Reyes"), an adult in custody ("AIC") of the Oregon

Department of Corrections ("ODOC") at the Eastern Oregon Correctional Institution ("EOCI"),

filed this action against several ODOC officials alleging constitutional claims under 42 U.S.C.

§ 1983 ("Section 1983") and various violations of state and federal law.

      Previously, the Court granted in part and denied in part Reyes' motion for leave to file a

fourth amended complaint. (*See* ECF Nos. 86, 88; *see also* ECF No. 92, granting Reyes leave to

amend his fourth amended complaint.) On February 5, 2025, Reyes filed a "revised" fourth

amended complaint, asserting ten claims against the following ODOC officials: David Pedro

("Pedro"), J. Walker ("Walker"), T. Stewart ("Stewart"), Portia Villers ("Villers"), Mindy

PAGE 1 – OPINION AND ORDER

Johnson ("Johnson"), Y. Rangel ("Rangel"), Amy Wray ("Wray"), Heather Nevil ("Nevil"), J. Oblisk ("Oblisk"), Melissa Harvey ("Harvey"), and M. Leddy ("Leddy") (together, "Defendants"). (*See generally* Fourth Am. Compl. ("FAC"), ECF No. 93.) Now before the Court is Defendants' motion to dismiss Reyes' FAC.

The Court has jurisdiction over Reyes' claims pursuant to 28 U.S.C. §§ 1331 and 1367, and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons discussed below, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND[1]

In the FAC, Reyes asserts the following ten claims:

(1)     a First Amendment claim based on Rangel's alleged refusal to return to Reyes a letter Reyes prepared and printed to send to his attorney (*see* FAC at 8-9);

(2)     an Eighth Amendment claim based on allegations that Defendants prohibited Reyes' physical activity and exercise during the COVID-19 ("COVID") pandemic (*see id.* at 9-10);

(3)     an Eighth Amendment claim based on Defendants' alleged refusal to wear masks during COVID (*see id.* at 11-12);

(4)     First and Fourteenth Amendment claims based on Defendants' alleged deletion of documents from Reyes' thumb drive in retaliation for Reyes helping other AICs with legal work in June 2022 (*see id.* at 12-13);

---

[1] Reyes pleads these facts in his fourth amended complaint, and the Court assumes they are true for the purpose of deciding this motion. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party").

(5)    a First Amendment claim based on Defendants' alleged discipline of Reyes

and confiscation of his legal materials in retaliation for writing a letter to his

attorney in March 2023 (*see id.* at 13-14);

(6)    First, Fourth, and Fourteenth Amendment claims based on allegations that

Defendants disciplined Reyes, confiscated his legal materials, and prevented him

from sending documents to an attorney relating to his post-conviction relief case

(*see id.* at 14-18);

(7)    a First Amendment claim based on Defendants' alleged refusal to print, copy, or

mail Reyes' documents in retaliation for him writing letters to state officials and

sharing legal information with other AICs (*see id.* at 18-19);

(8)    a First Amendment claim based on Defendants' alleged refusal to print, copy, or

mail Reyes' documents in retaliation for Reyes filing complaints, grievances, and

lawsuits (*see id.* at 19-23);

(9)    a First Amendment claim based on allegations that Defendants fined and

sanctioned Reyes in retaliation for helping another AIC prepare post-conviction

relief documents (*see id.* at 23-27); and

(10)   First, Eighth, and Fourteenth Amendment claims based on Defendants' alleged

discipline of Reyes in retaliation for helping other AICs with legal work in

February 2024 (*see id.* at 27-32).[2]

---

[2] Reyes also includes sporadic references to disability discrimination statutes. (*See, e.g.*, FAC at 4, "[E]ach Defendant knowingly and willfully acted under the Color of State Law violating Plaintiff's civil rights under the State of Oregon and United States Constitution including the provisions of [the Americans with Disabilities Act ("ADA")], [and the Rehabilitation Act ("RA")] stated in section I against a qualified disabled U.S. citizen and military veteran"; *id.* at 35, "Plaintiff requests that [Defendants] . . . investigate pursuant to 28 CFR § 35.172 for any ADA/RA violations against defenseless . . . [AICs] in Oregon prisons[.]")

Defendants move to dismiss Reyes' claims against the individual defendants in their official capacities on the ground that the Eleventh Amendment bars those claims. (*See* Defs.' Mot. Dismiss ("Defs.' Mot.") at 5-6, ECF No. 97.) Defendants also move to dismiss portions of Reyes' FAC against specific defendants on the ground that Reyes fails to allege facts supporting that those defendants were personally involved in the alleged constitutional violation. (*See id.* at 6-8.) Defendants further move to dismiss Reyes' claims based on alleged violations of the Oregon Constitution on the ground that those claims are not cognizable. (*See id.* at 12.)

With respect to his specific claims, Defendants move to dismiss Reyes' disability discrimination claims on the grounds that he fails adequately to plead facts to establish that he has a qualifying disability and that Defendants discriminated against him because of his disability. (*See id.* at 8-12.) Defendants also move to dismiss Reyes' first claim against Rangel on the ground that the statute of limitations bars that claim. (*See id.* at 12-13.) Defendants move to dismiss Reyes' second claim on the ground that Reyes fails adequately to plead facts demonstrating that any of the defendants acted with deliberate indifference. (*See id.* at 13-16.) Finally, Defendants move to dismiss Reyes' third claim on the ground that Reyes' claim is duplicative of his claim in another case. (*See id.* at 16-17.)

## LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**DISCUSSION**

## I.    JUDICIAL NOTICE

Defendants request that the Court take judicial notice of eight court filings: (1) the Court's Findings and Recommendation ("F&R") dated October 31, 2023 (ECF No. 65); (2) the order adopting the Court's F&R dated January 30, 2024 (ECF No. 76); (3) the Court's F&R dated November 15, 2024 (ECF No. 86); (4) the order adopting the Court's F&R dated December 12, 2024 (ECF No. 88); (5) Reyes' original complaint (ECF No. 2); (6) Reyes' amended complaint (ECF No. 18); (7) Reyes' second amended complaint (ECF No. 42); and (8) the complaint in *Alcalacarrillo, et al. v. Or. Dep't of Corr., et al.*, No. 3:22-cv-00487-SB (D. Or. filed Mar. 30, 2022) ("*Alcalacarrillo* Complaint"). (*See* Defs.' Mot. at 5.)

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Aguilar*, 782 F.3d 1101, 1103 n.1 (9th Cir. 2015) (quoting *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)); *see also Abdulaziz v. Twitter, Inc.*, No. 21-16195, 2024 WL 4688893, at *1 n.1 (9th Cir. Nov. 6, 2024) (taking "judicial notice of court filings in other proceedings related to th[e] case" (citing *Aguilar*, 782 F.3d at 1103 n.1)). Courts may also take judicial notice of court dockets. *See Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1186 n.2 (9th Cir. 2024) (granting request to take judicial notice of a state court docket). Furthermore, a "court . . . may take judicial notice on its own." FED. R. EVID. 201(c)(1).

The Court denies as unnecessary Defendants' requests for judicial notice of filings and pleadings from this case. Specifically, Defendants' first seven requests relate to filings and

pleadings from this case's docket, which the Court may consider without taking judicial notice. *See Chaffey Joint Union High Sch. Dist. v. FieldTurf USA, Inc.*, No. 5:16-cv-00204, 2017 WL 3048658, at *2 n.2 (C.D. Cal. Feb. 28, 2017) ("The Court may of course take judicial notice of filings and pleadings on its own docket, . . . [b]ut such requests are unnecessary; Defendants may cite directly to the docket[.]" (first citing FED. R. EVID. 201(b)(2); and then citing *Colodney v. Orr*, No. 5:14-cv-01973, 2015 WL 1636818, at *1 (C.D. Cal. Apr. 9, 2015), *aff'd*, 651 F. App'x 630 (9th Cir. 2016))).

As an initial matter, the Court takes judicial notice on its own of the *Alcalacarrillo* docket. *See Mendocino Ry.*, 113 F.4th at 1186 n.2 (granting request to take judicial notice of a state court docket). With respect to Defendants' request to take judicial notice of the *Alcalacarrillo* Complaint, the Court denies that request as irrelevant because it is no longer the operative pleading. (*See* First Am. Compl. ¶¶ 348-63, *Alcalacarrillo*, No. 3:22-cv-00487-SB (D. Or. filed Aug. 2, 2022) ("*Alcalacarrillo* FAC"). The Court takes judicial notice of the *Alcalacarrillo* FAC. *See* FED. R. EVID. 201(c)(1) ("The court . . . may take judicial notice on its own.") The *Alcalacarrillo* FAC reflects that Reyes is a plaintiff in that case and asserts an Eighth Amendment claim against several ODOC officials including Pedro, alleging that the defendants failed to protect AICs from COVID. (*See Alcalacarrillo* FAC.)

## II.    OFFICIAL CAPACITY

Defendants move to dismiss Reyes' claims against all of the defendants in their official capacities on the ground that the Eleventh Amendment bars those claims. (*See* Defs.' Mot. at 5-6.) As the Court has explained, "the Eleventh Amendment bars Reyes' claims for damages against individual defendants in their official capacities." *Reyes v. Washburn*, No. 2:21-cv-01175, 2024 WL 5091756, at *2 (D. Or. Nov. 15, 2024) (citing *Reyes v. Washburn*, No. 2:21-cv-01175-SB, 2023 WL 9470076, at *2 n.3 (D. Or. Oct. 31, 2023), *findings and recommendation*

PAGE 6 – OPINION AND ORDER

*adopted*, 2024 WL 343481 (D. Or. Jan. 30, 2024))), *findings and recommendation adopted*, 2024 WL 5090701 (D. Or. Dec. 12, 2024). Accordingly, the Court dismisses Reyes' claims for damages against Defendants in their official capacities.

## III.    PERSONAL INVOLVEMENT

Defendants move to dismiss several of Reyes' claims against specific defendants on the ground that Reyes fails to allege that each of the defendants was personally involved in the alleged constitutional violation. (*See* Defs.' Mot. at 6-8.)

### A.    Applicable Law

Under Section 1983, an official may only be liable "when culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). Specifically, A defendant may be held liable under Section 1983 based on "either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 1207 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor need not be physically present or "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Id.* at 1205 (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991)).

### B.    Analysis

With respect to Reyes' first claim, Defendants move to dismiss all of the defendants other than Rangel on the ground that Reyes fails to allege facts supporting that any of the other defendants were personally involved in the alleged constitutional violation. (*See* Defs.' Mot. at 7.) The Court agrees.

Specifically, within his first claim, Reyes only identifies and alleges facts relating to two individuals, Rangel and a non-party. (*See* FAC at 8-9.) Thus, the Court dismisses all of the

defendants except Rangel from Reyes' first claim because he fails to allege facts supporting that those defendants were personally involved in the alleged constitutional violation.[3] *See Swanson v. Dep't of Just.*, No. 6:22-cv-01304-MK, 2022 WL 19693710, at *3 (D. Or. Dec. 13, 2022) (dismissing the self-represented litigant's complaint where the plaintiff "failed to describe facts sufficient to demonstrate [two defendants'] personal involvement in a specific constitutional or statutory violation"), *findings and recommendation adopted*, 2023 WL 3168696 (D. Or. Apr. 28, 2023), *appeal dismissed*, 2023 WL 4910182 (9th Cir. June 28, 2023).

Reyes responds that Rangel's supervisors, "Legore" and "Washburn," are also implicated in his first claim because they reviewed and signed Rangel's allegedly falsified misconduct report. (Pl.'s Resp. Defs.' Mot. Dismiss ("Pl.'s Resp.") at 7, ECF No. 103.) Reyes, however, fails to include allegations relating to Legore and Washburn in his operative FAC and fails to name those individuals as defendants. (*See generally* FAC; *id.* at 4-5, listing the named defendants.)

Thus, to the extent Reyes' FAC can be construed as asserting claims against Legore and Washburn, the Court dismisses those claims.[4] *See Reyes*, 2024 WL 5091756, at *3-4 (denying leave to amend Reyes' only claims implicating Legore, Neistadt, and Washburn). Further, to the extent Reyes' FAC can be construed as asserting his first claim against any defendant other than Rangel, the Court dismisses those claims because Reyes fails to allege specific facts relating to how those individuals were personally involved in the alleged constitutional violation. *See Flores v. Brown*, No. 3:23-cv-00462-SB, 2025 WL 777582, at *9 (D. Or. Feb. 14, 2025)

---

[3] As further explained below, the Court dismisses Reyes' claim against Rangel on the ground that it is untimely.

[4] The Court dismisses Andrea Neistadt for the same reasons. (*See* Pl.'s Resp. at 3, 16, 18, 35-36, referring to Neistadt; *see also* FAC, not naming as a defendant or including factual allegations against Neistadt.)

(dismissing claims against several ODOC officials "because [the plaintiff] 'has not specified in his pleadings any facts suggesting [each defendant]'s personal involvement in an alleged constitutional violation'") (citations omitted), *findings and recommendation adopted*, 2025 WL 775794 (D. Or. Mar. 11, 2025).

For the same reason, the Court dismisses Reyes' remaining claims as follows:

- Claim II against all defendants except Pedro, Walker, and Stewart;[5]

- Claim III against all defendants;[6]

- Claim IV against all defendants except Villers and Johnson;[7]

- Claim V against all defendants except Villers, Johnson, Oblisk, and Nevil;

- Claim VI against all defendants except Oblisk, Villers, and Johnson;

- Claim VII against all defendants except Johnson, Villers, and Wray;

- Claim VIII against all defendants except Johnson, Villers, and Wray;

---

[5] Reyes "concede[s] that no other named Defendants were part of this particular negligent action against him." (Pl.'s Resp. at 7.)

[6] In his response, Reyes clarifies that he intended to assert his third claim against Pedro, Walker, and Stewart. (*See* Pl.'s Resp. at 9, "Defendants Pedro, Walker and Stewart [had] direct links and cause of this flood gate being opened into a closed and vulnerable population and environment.") For the reasons explained above, the Court finds that Reyes has failed adequately to allege facts supporting that Pedro, Walker, and Stewart were personally involved in the alleged constitutional violation or subjectively aware of a substantial risk of harm. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.") (simplified); *Flores*, 2025 WL 777582, at *9 (dismissing claims against several ODOC officials "because [the plaintiff] 'has not specified in his pleadings any facts suggesting [each defendant]'s personal involvement in an alleged constitutional violation'") (citation omitted).

[7] Reyes clarifies in his response that he "does not accuse Bolles in this particular incident as she was no longer an EOCI employ[ee] at that time." (Pl.'s Resp. at 10.) In light of the fact that Reyes does not identify Bolles in any of his other claims and fails specifically to name Bolles as a defendant in his FAC (*see* FAC at 5), the Court dismisses Bolles.

- Claim IX against all defendants except Villers, Johnson, Harvey, and Leddy; and

- Claim X against all defendants except Nevil, Villers, and Johnson.

## IV.    OREGON CONSTITUTION

Defendants move to dismiss Reyes' claims based on alleged violations of the Oregon Constitution on the ground that "no private right of action exists for violations of the Oregon Constitution and Reyes did not plead a claim under the Oregon Tort Claims Act." (Defs.' Mot. at 12, quoting *Reyes v. City of Hillsboro*, No. 23-35106, 2025 WL 586363, at *1 (9th Cir. Feb. 24, 2025).) The Court agrees and, to the extent the FAC can be construed as asserting claims based on alleged violations of the Oregon Constitution, dismisses those claims on the ground that Reyes fails to state a cognizable claim. *See Reyes*, 2025 WL 586363, at *1 ("[N]o private right of action exists for violations of the Oregon Constitution and Reyes did not plead a claim under the Oregon Tort Claims Act." (citing *Hunter v. Eugene*, 787 P.2d 881, 884 (Or. 1990))).

## V.    PLEADING DEFICIENCIES

### A.    Federal and State Disability Discrimination Claims

Defendants move to dismiss Reyes' federal and state disability discrimination claims on the grounds that he fails to allege a qualifying disability or that any defendant discriminated against him because of that disability. (*See* Defs.' Mot. at 8-12.) Reyes responds that he suffers from several qualifying disabilities, including "Long COVID." (*See* Pl.'s Resp. at 20-23.)

#### 1.    Qualifying Disability

With respect to Reyes' alleged disability, the Court previously granted Reyes leave to amend to assert his disability discrimination claims and rejected Defendants' argument that Reyes failed to allege a qualifying disability. *See Reyes*, 2024 WL 5091756, at *5-6 ("Construing Reyes' FAC liberally, . . . the Court concludes that Reyes' proposed amendment is not futile.").

PAGE 10 – OPINION AND ORDER

Specifically, "[i]n his FAC, Reyes include[d] additional allegations that he suffers from 'medical issues that have been and still are being treated for the major side effects of contracting COVID-19, twice, and the administered vaccines and boosters" and Reyes also "include[d] allegations about his ongoing medical issues that he alleges are associated with 'Long COVID.'" *Id.* The Court found that Reyes' allegations were sufficient to support a reasonable inference that he suffered from a qualifying disability based on his "long-term COVID-19 symptoms[.]" *Id.* (citation omitted). Defendants argue that Reyes' revised FAC "differed from the proposed FAC" that the Court previously analyzed and that "Reyes does not allege that he suffers from Long-COVID in the [revised] FAC." (Defs.' Mot. at 10.)

The Court disagrees. Specifically, in Reyes' motion for leave to file an amended complaint, Reyes alleged that he has "been and still [is] being treated for the major side effects of contracting COVID-19, twice, and the administered vaccines and boosters." (Reyes' Mot. Leave File Fourth Am. Compl. ("Reyes' Mot.") Ex. 1 at 4, ECF No. 80-1); *see also Reyes*, 2024 WL 5091756, at *5 ("In his FAC, Reyes includes additional allegations that he suffers from 'medical issues that have been and still are being treated for the major side effects of contracting COVID-19, twice, and the administered vaccines and boosters.' Reyes also includes allegations about his ongoing medical issues that he alleges are associated with 'Long COVID.'").

Similarly, in the revised FAC, Reyes alleges that he has "been and still [is] being treated for the major side effects of contracting COVID-19, twice, and the administered vaccines and boosters." (FAC at 4.) Thus, consistent with its previous finding, the Court finds that Reyes' allegations support a reasonable inference that he suffers from long-term COVID symptoms, which can be a qualifying disability. *See Brown v. Roanoke Rehab. & Healthcare Ctr.*, 586 F. Supp. 3d 1171, 1176-77 (M.D. Ala. 2022) (finding that the plaintiff's allegations that "she was

COVID-19 positive, that she suffered from severe weakness, fatigue, brain fog, high blood pressure, cough, difficulty breathing, fever, and swollen eyes" were sufficient to establish a disability for her ADA claim, in part because Equal Employment Opportunity Commission guidance stated that more severe, long-term COVID symptoms can be considered a disability); *cf. Baum v. Dunmire Prop. Mgmt., Inc.*, No. 1:21-cv-00964, 2022 WL 889097, at *5 (D. Colo. Mar. 25, 2022) (finding that the decedent's fifteen-day COVID illness did not qualify as a disability under the ADA because "the common theme in th[e] regulatory guidance is that COVID-19 may be a disability when it is long-term—lasting for months—not when it is acute") (citations omitted).

Accordingly, the Court denies Defendants' motion to dismiss Reyes' disability discrimination claims on the ground that Reyes fails to allege that he suffers from a qualifying disability.

### 2.    Discrimination

With respect to Defendants' argument that the Court should dismiss Reyes' discrimination claims on the ground that he fails sufficiently to allege facts supporting that Defendants discriminated against him because of his alleged disability, the Court agrees.

As the Court previously explained, "each of [Reyes'] disability discrimination claims requires a showing of discrimination *because of* a qualifying disability[.]" *Reyes*, 2023 WL 9470076, at *11 (citations omitted). Reyes alleges that his legal work was "an activity and service under the" relevant statutes and that Defendants "retaliate[d] with a Disciplinary Report . . . for assisting other AICs with research [which] violates all of these protective rules and Acts." (FAC at 12; *see also* Pl.'s Resp. at 21, "An inference of disability discrimination is clearly evident and well known at the EOCI law library, especially against Plaintiff for being a legal advocate for other AICs.") Reyes fails to allege that Defendants discriminated or retaliated

against him *because of* his alleged disability. Thus, the Court finds that Reyes has failed adequately to allege facts to state a disability discrimination claim upon which relief can be granted. *See Reyes*, 2023 WL 9470076, at *11-12 (dismissing Reyes' federal and state disability discrimination claims in part because he failed to allege that Defendants treated him differently because of his disability). Accordingly, to the extent that Reyes' FAC can be construed as asserting disability discrimination claims, the Court grants Defendants' motion and dismiss those claims.

### B.    Eighth Amendment

Defendants move to dismiss Reyes' Eighth Amendment claim alleging that Defendants deprived him of meaningful physical activity and exercise (Claim II), on the ground that Reyes fails sufficiently to allege facts to satisfy either the objective or subjective prong of an Eighth Amendment claim. (*See* Defs.' Mot. at 13-16.)

#### 1.    Applicable Law

To establish a claim for relief under the Eighth Amendment based on conditions of confinement, Reyes must meet two requirements. "First, the deprivation alleged must be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (simplified). Second, "a prison official must have a sufficiently culpable state of mind," which, for conditions of confinement claims, "is one of deliberate indifference[.]" *Id.* (simplified).

#### 2.    Analysis

##### a.    Objective Prong

With respect to the objective prong, Reyes alleges that Defendants "prohibited all outdoor activities, sports, exercise and work out of their unit." (FAC at 10.) Reyes further alleges that Defendants deprived him and "all other AICs from any physical exercise, walking, running,

sports or any other outdoor and out of unit activities for the health and wellbeing of all AICs."
(*Id.* at 11.)

As the Court previously explained, "Reyes can satisfy the objective prong by demonstrating a 'denial of the minimal civilized measure of life's necessities[.]'" *Reyes*, 2024 WL 5091756, at \*5 (quoting *Farmer*, 511 U.S. at 834). The Court further explained that "deprivation of a 'single, identifiable human need such as food, warmth, or exercise . . . .' is a sufficiently serious deprivation." *Id.* (first quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); and then citing *Norbert v. City & Cnty. of S.F.*, 10 F.4th 918, 929 (9th Cir. 2021)).

Consistent with its previous finding, the Court finds that Reyes' allegations, including that Defendants deprived him and "all other AICs from any physical exercise, walking, running, sports or any other outdoor and out of unit activities" (FAC at 11), are sufficient to satisfy the objective prong of his Eighth Amendment claim. *See Norbert*, 10 F.4th at 932 ("[P]recedents from other circuits are consistent with our observation that 'the Constitution requires jail officials to provide outdoor recreation opportunities, or otherwise meaningful recreation, to [AICs].'" (quoting *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018))); *cf. Reyes*, 2023 WL 9470076, at \*9 (finding that Reyes' pleadings were insufficient to state an Eighth Amendment claim because "Reyes has not pled that he was denied all exercise between January 2020 and December 2020").

**b.    Subjective Prong**

With respect to the subjective prong, the Court finds that Reyes has failed sufficiently to allege facts to support that Defendants acted with deliberate indifference.

Specifically, "deliberate indifference" is established only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (citing

*Farmer*, 511 U.S. at 837). In the FAC, Reyes alleges that Defendants "executed these violations of civil rights in response to unclear and unfounded threat[s] to the penological safety and security or any other justification of any policy . . . reasonably related to legitimate penological goals, objectives, interests or goals of the institution." (FAC at 10.) Reyes fails to allege that any defendant was aware of and disregarded a substantial risk of harm caused by the limitation on out-of-cell or out-of-dorm exercise during the early days of COVID. Thus, the Court finds that Reyes has failed sufficiently to allege facts to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835 ("[D]eliberate indifference entails something more than mere negligence[.]"); *Toguchi*, 391 F.3d at 1057 ("[T]he prison official must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.") (simplified).

Accordingly, the Court grants Defendants' motion to dismiss Reyes' Eighth Amendment physical activity and exercise claim (Claim II).

## VI.    STATUTE OF LIMITATIONS

Defendants move to dismiss Reyes' retaliation claim against Rangel (Claim I) on the ground that the statute of limitations bars that claim. (*See* Defs.' Mot. at 12-13.)

### A.    Applicable Law

"[T]he statute of limitations in a [Section] 1983 suit is the same as provided under state law for tort claims alleging personal-injury[.]" *Addison v. City of Baker City*, 758 F. App'x 582, 585 (9th Cir. 2018) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "The statute of limitations for personal injury claims under Oregon law is two years." *Id.* (citing OR. REV. STAT. § 12.110(1)). "Accrual is the date on which the statute of limitations begins to run[.]" *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018) (simplified). "Although state law determines the

statute of limitations for [Section] 1983 claims, federal law governs when a claim accrues." *Id.* (citing *Wallace*, 549 U.S. at 388). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (simplified).

### B.    Analysis

Reyes bases his retaliation claim against Rangel primarily on conduct that allegedly occurred on September 10, 2019. (*See* FAC at 9, "September 10, 2019 Ms. Y Rangel, law library coordinator, refused to return a printed letter prepared to mail out to an attorney.") Reyes further alleges that "Rangel 'lied' in the written conduct report about the chain of events" and that "[a] copy of this [d]isciplinary hearing report is provided" (*id.* at 9), however, Reyes failed to include with his FAC the relevant disciplinary hearing report. (*See generally id.*) Reyes first asserted allegations against Rangel relating to the relevant events in his Motion to File a Third Amended Complaint, filed on January 9, 2024. (*See* Mot. Leave File Third Am. Compl. ("TAC") at 8, ECF No. 71.) Reyes attached the relevant disciplinary hearing report to his TAC. (*See* TAC Ex. 1 at 32-33, ECF No. 71-1.) Reyes also attached to his TAC a letter affirming the relevant disciplinary decision. (*See id.* at 49.) The relevant documents make clear that Reyes' claim is based on events that took place in or before December 2019. (*See id.*)

The Court finds that Reyes knew or should have known of his retaliation claim against Rangel in or before December 2019. *See Evans v. Nelson*, No. 2:19-cv-01210-MK, 2022 WL 20335877, at *9 (D. Or. Sept. 7, 2022) (finding that the statute of limitations barred the plaintiff's claims because the "[p]laintiff should have known about his injury at the time the discipline took place") (citation omitted), *findings and recommendation adopted*, 2023 WL 4490515 (D. Or. July 12, 2023). Thus, the statute of limitations bars Reyes' claim because more than two years elapsed before he first alleged the claim in his TAC. (*See generally* TAC, filed on January 9, 2024.)

PAGE 16 – OPINION AND ORDER

Further, the Court finds that Reyes' claim does not relate back to his original complaint, first amended complaint, or second amended complaint. "Under [Rule] 15(c), an amended complaint that is otherwise barred by the statute of limitations could be deemed timely if it 'relates back to the date of the original pleading' in certain circumstances." *Moore v. Thurnau*, No. 2:21-cv-00483-YY, 2024 WL 5340463, at *3 (D. Or. Oct. 3, 2024), *findings and recommendation adopted*, 2025 WL 239093 (D. Or. Jan. 17, 2025). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" *Holloway v. Clackamas River Water*, No. 20-35888, 2022 WL 3227723, at *1 (9th Cir. Aug. 10, 2022) (quoting FED. R. CIV. P. 15(c)(1)(B)).

In his original, first amended, and second amended complaints, Reyes did not name Rangel as a defendant or assert a First Amendment claim based on the conduct at issue in this claim. (*See generally* Compl., Am. Compl., Second Am. Compl.) Thus, the Court finds that relation back does not apply and Reyes' First Amendment claim against Rangel is untimely. *See Holloway*, 2022 WL 3227723, at *1 ("[The district court] properly rejected [the plaintiff]'s contention that the claim relates back to the original complaint and therefore is timely because the original complaint made no reference to the conduct on which the claim is based.") (citation omitted). Accordingly, the Court dismisses Reyes' First Amendment claim against Rangel.[8]

---

[8] It further appears that claim preclusion bars Reyes' claim against Rangel. (*See* Order, *Reyes v. Washburn et al.*, No. 2:19-cv-01562-AC (D. Or. filed May 21, 2020) (dismissing Reyes' amended complaint with prejudice, which included a claim against Rangel and others relating to the same disciplinary proceedings); *see also Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019) ("Under the doctrine of claim preclusion, a final judgment on the merits in a case precludes a successive action between identical parties or privies concerning the same claim or cause of action.") (simplified); *id.* at 689 n.4 ("The dismissal of the action with prejudice constitutes a final judgment on the merits[.]") (simplified).

**CONCLUSION**

For the reasons stated, the Court GRANTS IN PART and DENIES IN PART

Defendants' motion to dismiss (ECF No. 97), and dismisses the following claims with

prejudice:[9]

    (1)    Reyes' plea for damages arising from his Section 1983 claims against the

           Defendants in their official capacities;

    (2)    Reyes' disability discrimination claims;

    (3)    Reyes' claims against Bolles, Legore, Neistadt, and Washburn;

    (4)    Reyes' First Amendment claim based on Rangel's alleged refusal to return to

           Reyes a letter Reyes prepared and printed to send to his attorney (Claim I); and

    (5)    Reyes' Eighth Amendment claim based on allegations that Defendants prohibited

           his physical activities and exercise during COVID (Claim II).

///

///

///

---

[9] Reyes has now had multiple opportunities to amend his complaint, and he has failed to state a claim upon which relief can be granted and "points to no additional facts that [he] might allege to cure these deficiencies[.]" *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008), *as amended* (Aug. 26, 2008) (affirming dismissal with prejudice for failure adequately to plead a required element of the claim) (citation omitted). Accordingly, except as indicated otherwise, the Court dismisses Reyes' claims identified by the Court with prejudice. *See Beverly v. County of Orange*, No. 22-55080, 2022 WL 14003695, at *1 (9th Cir. Oct. 24, 2022) (affirming dismissal of the plaintiff's Section 1983 claim with prejudice where "[t]he district court properly accounted for [the plaintiff]'s pro se status; it had already granted [the plaintiff] leave to amend her complaint and provided guidance to remedy the pleading's deficiencies, but [the plaintiff] failed to follow that advice") (simplified); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) (explaining that "a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend [the plaintiff's] complaint") (simplified).

The Court also dismisses Reyes' Eighth Amendment claim based on Defendants' alleged refusal to wear masks during COVID without prejudice but without further leave to amend (Claim III).[10] Reyes may proceed only on the following claims:

(1)     Reyes' First and Fourteenth Amendment claims against Villers and Johnson based on their alleged deletion of documents from Reyes' thumb drive in retaliation for helping other AICs with legal work in June 2022 (Claim IV);

(2)     Reyes' First Amendment claim against Villers, Johnson, Oblisk, and Nevil based on their alleged discipline of Reyes and confiscation of his legal materials in retaliation for writing a letter to his attorney in March 2023 (Claim V);

(3)     Reyes' First, Fourth, and Fourteenth Amendment claims against Oblisk, Villers, and Johnson based on allegations that they disciplined Reyes, confiscated his legal materials, and prevented him from sending documents to an attorney relating to his post-conviction relief case (Claim VI);

(4)     Reyes' First Amendment claim against Johnson, Villers, and Wray based on their alleged refusal to print, copy, or mail Reyes' documents in retaliation for Reyes writing letters to state officials and sharing legal information with other AICs (Claim VII);

///

///

---

[10] In light of the Court's conclusion that Reyes fails adequately to plead facts supporting his Eighth Amendment failure to protect claim against any individual defendant, the Court does not address Defendants' argument that Reyes' claim is duplicative of his claim in *Alcalacarrillo*. In an effort to avoid any potential preclusive effect on Reyes' COVID-related claims in *Alcalacarrillo*, the Court dismisses the relevant claim without prejudice but without leave to amend.

(5)      Reyes' First Amendment claim against Johnson, Villers, and Wray based on their alleged refusal to print, copy, or mail Reyes' documents in retaliation for Reyes filing complaints, grievances, and lawsuits (Claim VIII);

(6)      Reyes' First Amendment claim against Villers, Johnson, Harvey, and Leddy based on their alleged imposition of fines and sanctions on Reyes for helping another AIC prepare post-conviction relief documents (Claim IX);

(7)      Reyes' First, Eighth, and Fourteenth Amendment claims against Nevil, Villers, and Johnson based on their alleged discipline of Reyes in retaliation for helping other AICs with legal work in February 2024 (Claim X); and

(8)      Reyes' claims for injunctive relief against the relevant defendants in their official capacities.

**IT IS SO ORDERED.**

DATED this 26th day of August, 2025.

HON. STACIE F. BECKERMAN
United States Magistrate Judge